UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES KEITH HOOTEN, et al.** § | | **PLAINTIFFS** |
| **GERRY RENEE HOOTEN** § | | |
| § | | |
| **V.** § | | **CAUSE NO. 1:09cv491-LG-RHW** |
| § | | |
| **OCWEN LOAN SERVICING, LLC** § | | **DEFENDANT** |

## MEMORANDUM OPINION AND
## ORDER DENYING SUMMARY JUDGMENT

BEFORE THE COURT is Defendant Ocwen Loan Servicing, LLC's Motion for Summary Judgment [30].  Plaintiffs James Keith and Gerry Renee Hooten initiated this action against their mortgage holder after their home was lost in a tax sale. Ocwen argues (1) it owed no contractual duty to pay the past due taxes, (2) the Statute of Frauds bars any oral modifications, (3) the Hootens released Ocwen from all claims, (4) and the taxes were not escrowed.  The Court has considered the parties' submissions[1] and the relevant legal authority.  The motion is denied.

**FACTS AND PROCEDURAL HISTORY**

The Hootens are husband and wife who purchased a home in Diamonhead, Mississippi on September 28, 2004.  In order to finance the purchase, they took out two mortgages on the home with New Century Mortgage Company.  Eight days later, it

---

[1]The Hootens expressly abandon their claims under the Fair Credit Report Act. Therefore, the Court need not examine Ocwen's arguments against these claims. Additionally, the Hootens' Response raised a claim under the Real Estate Settlement Procedures Act.  Ocwen's Rebuttal asks that this claim be stricken.  Because the issue was not briefed by either side, the Court declines to address this issue at this time.

assigned the first mortgage, in the amount of $232,000, to Ocwen. It is a limited liability company, whose sole member is Ocwen Financial Corporation, a Florida corporation, principally located there.

Because the 2004 property taxes were never paid, the home was sold for taxes. The tax sale became final on October 31, 2007. The parties dispute whether Ocwen had a duty to pay the taxes.

The Hootens filed this lawsuit in Hancock County Circuit Court for breach of contract, tortious breach of contract, gross negligence, conversion, and a violation of the Fair Credit Reporting Act. Ocwen removed the lawsuit to this Court on the basis of both federal question and diversity jurisdiction.

## DISCUSSION

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The Court must view the evidence in the light most favorable to the non-moving party. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). A "material fact" is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

The party that bears the burden of proof at trial also bears the burden of proof

at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 325. Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25. "[W]hen a motion for summary judgment is made and supported . . . an adverse party may not rest upon . . . mere allegations or denials . . . but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

I.   RELEASE

Ocwen argues that all claims were released by the 2008 Forbearance Agreement. The Hootens respond (1) this defense was not pled, and alternatively, (2) the agreement was not accepted, or is void for (3) lack of consideration, (4) misrepresentation, (5) mutual mistake, and (6) unconscionability, or (7) the agreement terminated by its own terms.

The Court will assume for the sake of argument that release was properly pled. Since it is Ocwen's affirmative defense, Ocwen "must establish 'beyond all peradventure all of the essential elements of the . . . defense'" in order to obtain summary judgment. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Ocwen asserts that the 2008 Forbearance Agreement "releases Ocwen from any and all claims related to the Ocwen loan." (Def.'s Mem. Summ. J. at 16). In support of Ocwen's motion, however, Ocwen provides a facially incomplete copy of this purported

agreement. The first page of the exhibit begins in mid-sentence. The second full paragraph of the exhibit is cut off. The title "FORBEARANCE AGREEMENT" does not appear until after the second full paragraph. (Def.'s Mot. Summ. J. Ex. H at 1). The last sentence of the first page is cut off. The second page of the exhibit is numbered "Page 3" and begins in mid-sentence. *Id*. at 2. Further, what portion is provided indicates that the agreement was not a full release of all claims. Ocwen has therefore failed to establish either its initial burden on summary judgment or its defense beyond all peradventure. The Court need not consider the Hootens' responses to this defense.

## II.   DUTY

Ocwen next argues there was no breach of contract, conversion, nor gross negligence, because (1) the contract specifically excluded Ocwen's duty to pay the taxes, and (2) any oral modification of the contract violated the Statute of Frauds.

Ocwen argues that "The Security Instrument and 2006 Forbearance Agreement expressly provide that Ocwen has no contractual duty to pay property taxes." (Def.'s Mem. Summ. J. at 9). While Ocwen does provide the security instrument, the Deed of Trust, to the Court, it only provides what purports to be page two of a 2006 forbearance agreement, initialed only by Mr. Hooten. The Deed of Trust, as explained previously, gives Ocwen the option, although not the duty, to pay property taxes. The exhibit presented as the partial 2006 forbearance agreement states that the Hootens will still be responsible for the taxes and insurance as originally provided "except as expressly modified by the Agreement." (Def.'s Mot. Summ. J. Ex. F at 2). Because the Court is

not presented with the entire agreement, the Court cannot hold that the 2006 forbearance agreement did not expressly modify this duty. Ocwen has failed to demonstrate it is entitled to judgment as a matter of law that there was no contractual duty to pay the property taxes.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, Defendant Ocwen Loan Servicing, LLC's Motion for Summary Judgment [30] should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 11th day of January, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE